# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ELIEZER A. POVENTUD,**

    Plaintiff,

  v.                                                                        Case No. 18-CV-532

**GAYLE S. SALDARIS and**
**ANGELA MINK,**

    Defendants.

## DECISION AND ORDER

      Eliezer A. Poventud is a Wisconsin state prisoner representing himself in this 42 U.S.C. § 1983 action. The Honorable Pamela Pepper, the judge to whom this case was previously assigned, screened Poventud's complaint and allowed him to proceed against defendant Gayle S. Saldaris for violating his Eighth Amendment rights by allegedly sexually assaulting him and against Angela Mink, also for violating his Eighth Amendment rights, by allegedly failing to provide him psychological care. Mink is represented by the Wisconsin Department of Justice and Saldaris is representing herself. Mink has moved for summary judgment, arguing that Poventud failed to exhaust his administrative remedies before filing a lawsuit against her. Poventud also filed a motion for summary judgment as well as a motion asking for copies of some documents. I will grant Mink's motion for summary judgment, deny without prejudice Poventud's motion for summary judgment, and grant his motion for copies.

*1.	Motion for Copies of Documents*

Poventud moves for copies of documents defendant Saldaris filed with the court, specifically docket numbers 17, 22, and 23. He explains that, upon receiving a copy of the docket, he realized he did not receive these filings. I will grant his motion and include copies of those documents with this order. I remind Saldaris that she is required to serve Poventud with any documents she files with the court.

*2.	Poventud's Motion for Summary Judgment*

Poventud also filed a motion for summary judgment as to "Defendant Gayle Saldaris." (Docket # 45.) However, Poventud failed to comply with Civil L.R. 56 because he failed to file any proposed findings of fact in support of his motion. For that reason, I will deny the motion without prejudice. Civil L.R. 56(b)(1)(C)(iii) ("failure to submit [a statement of proposed material facts] constitutes grounds for denial of the motion"). Because both Poventud and Saldaris are unrepresented, I will afford Poventud another opportunity to file a motion for summary judgment. Poventud has until **March 23, 2020** to file a new motion for summary judgment that complies with the Civil L.R. 56. Saldaris may also move for summary judgment if she chooses to do so.

If either party chooses to file for summary judgment, they must file (1) a motion; (2) a memorandum of law (a brief arguing why they believe they are entitled to summary judgment); (3) a statement of proposed material facts, which should consist of short, numbered paragraphs, including citations to evidentiary support (that is, citations to the record or an unsworn declaration pursuant to 28 U.S.C. §1746[1]); and (4) any materials or declarations cited to in the proposed findings of fact. The responding party should be sure to

---
[1] Such a declaration should conclude with the following: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

file the required materials in response within 30 days of the date the motion was filed. Civil L.R. 56(b)(2). The responding party must file a response brief and respond to each proposed finding of fact. To support their responses, they can also cite to the record and/or an unsworn declaration. Both parties should be advised that failure to respond to any proposed finding of fact means that I will take it as true for purposes of deciding the motion for summary judgment. Civil L.R. 56(4). Along with this order, I will include copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56.

### 3. *Mink's Motion for Summary Judgment*

Mink moves for summary judgment on the ground that Poventud failed to exhaust his administrative remedies because he never filed an offender complaint related to his claims against Mink or his allegation that she failed to provide him adequate psychological care. (Docket # 27.) Poventud responds that he was not required to exhaust using the Inmate Complaint Review System ("ICRS") because his claim against Mink stems from a sexual assault and is therefore governed by the Prison Rape Elimination Act ("PREA"). (Docket # 32.)

#### 3.1 Relevant Facts

Under Wisconsin Admin. Code § DOC 310, the ICRS is a process by which inmates may file grievances related to significant issues regarding rules, living conditions, and staff actions affecting the institution environment. (Defendant Mink's Proposed Findings of Fact ("DPFOF") at ¶ 1, Docket # 28.) An inmate begins the ICRS process by filing a complaint with the Institution Complaint Examiner ("ICE") at the institution. (DPFOF ¶ 3.) In order for an inmate to exhaust his administrative remedies on a complaint, he must complete the complaint and appeal process by submitting an appeal to the Correctional Complaint

Examiner's Office, which results in a decision by the Office of the Secretary. (DPFOF ¶ 4.)

When an inmate files an Inmate Complaint regarding a medical issue, the ICE at the institution where the inmate is housed will investigate the inmate's complaint by reviewing the medical records and speaking with the institution's Health Services Unit. Then ICE makes a recommendation to the Reviewing Authority on the Inmate Complaint. (DPFOF ¶ 5.) The Inmate Complaint is then sent to the Reviewing Authority for a decision. (DPFOF ¶ 6.) When the complaint is about a medical issue, the Reviewing Authority is the Nursing Coordinator assigned to that institution. When the complaint is about a psychological issue, the Reviewing Authority is the Department's Bureau of Health Services Psychology Director. Similarly, when the complaint is about a psychiatry issue, the Reviewing Authority is the Department's Bureau of Health Services Psychiatry Director. (*Id.*)

If an inmate is dissatisfied with the Reviewing Authority's decision, he may appeal that decision to the Corrections Complaint Examiner. (DPFOF ¶ 7.) The Corrections Complaint Examiner will then investigate the complaint and appeal and make a recommendation to the Office of the Secretary for review and decision. (DPFOF ¶ 8.) The Office of Secretary has 45 days to make a decision after receipt of the Correction Complaint Examiner's recommendation. (DPFOF ¶ 9.) Upon a decision from the Office of the Secretary, the inmate has exhausted his administrative remedies. (*Id.*)

Poventud has not filed any complaints using the ICRS that relate to his claim in this lawsuit that Mink failed to provide him with adequate medical (psychological) care. (DPFOF ¶ 10.) Poventud did write to Cline in the Psychological Services Unit (not a defendant) on November 25, 2017 and December 4, 2017 complaining that Mink and Dr. Hoem (not a defendant) were refusing to provide him with treatment related to his "PREA

4

incident." (Plaintiff's Supplemental Proposed Findings of Fact ("PPFOF") at ¶ 3, Docket # 33.)

### 3.2 Analysis

Because Poventud was incarcerated when he filed his complaint, the Prisoner Litigation Reform Act ("PLRA") applies to this case. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). According to the Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Wis. Admin. Code § DOC 310.10 outlines the procedures by which inmate complaint examiners review and process inmate complaints.

The U.S. Supreme Court has recently confirmed that the language in § 1997e(a) requiring prisoners to exhaust the available administrative remedies is mandatory. *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). There is only one qualifier: the remedies must be available. *Id.* "But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" *Id.* Accordingly, because the requirement to exhaust is a statutory requirement, there is no

judicial discretion to excuse an inmate's failure to exhaust when the administrative remedies were available to him. *Id.* at 1857.

Poventud did not contest the defendant's proposed finding of fact that he did not file any inmate complaints about his claim against Mink. As stated earlier, Poventud contends he was not required to exhaust using the ICRS because his claim against Mink stems from a sexual assault and is therefore governed by PREA. His argument is unavailing.

While it is true that PREA modifies the process for filing a grievance about sexual assault (for example, it eliminates a time limit for reporting sexual assault), *see* 28 C.F.R. § 115.52; *see also Parry v. Muller*, No. 18-cv-1394-JPG, 2018 WL 4027572, *3 (S.D. Ill. Aug. 23, 2018), it does not alter the inmate complaint grievance process for other grievances. Poventud's claim against Mink is based on her alleged failure to provide him with psychological care. Though he needed that care because he experienced sexual assault, his grievance was not about sexual assault. It was about a lack of psychological care.

It does not appear that the Seventh Circuit Court of Appeals has addressed the issue of whether a PREA complaint exhausts an inmate's obligation to exhaust under the PLRA, though district courts in this circuit have found that it does not. *Parry*, 2018 WL 4027572 at *3 (citing *Peace v. Kemper*, 14-cv-1416-pp, 2016 WL 5793689, *5 (E.D. Wis. Sept. 30, 2016) ("The plaintiff's statements during the PREA investigat[ion] do not constitute proper exhaustion."); *Rivera v. Correctional Officer Drake*, 09-C-1182, 2014 WL 12526621, *1 (E.D. Wis. Feb. 11, 2014) ("Thus, in his own complaint Rivera clearly indicates his understanding of the difference between exhaustion for PLRA purposes and verbally reporting an incident for PREA purposes. In other words, he knew from day one that he had not properly exhausted his remedies."); *Kyles v. Beaugard*, 15 C 8895, 2017 WL 4122708, *7 (N.D. Ill.

Sep. 18, 2017) (noting that plaintiff's argument that he need not exhaust grievances regarding PREA issues because PREA has its own exhaustion requirement is not his best argument and deciding the issue on other grounds). The Ninth Circuit Court of Appeals also agrees that PREA does not excuse an inmate's obligation to exhaust under the PLRA. *Porter v. Howard*, 531 Fed. Appx. 792, 793 (9th Cir. 2013), *cert. denied* 571 U.S. 1076 (2013) ("[Plaintiff] provides no support for his contention that he was excused from the requirement that he file an administrative grievance by operation of the Prison Rape Elimination Act of 2003."). I agree with this analysis of the two statutes and find that even if Poventud had included Mink in a PREA complaint, he would not have exhausted his administrative remedies as required by the PLRA.

Poventud also offered a proposed finding of fact, based on his declaration, that he did not file a complaint against Mink because Ellen Ray, an inmate complaint examiner, told him that anything concerning PREA incidents are outside the scope of the ICRS so he would have to take up any complaint against Mink with the Psychological Services Unit. (PPFOF ¶ 4.) His assertion does not change the outcome of this motion. Poventud's complaints against Mink started in 2016. (Docket # 1 at ¶ 43.) What Ellen Ray supposedly told him in 2018 does nothing to explain why he did not file an inmate complaint against Mink before that time.[2] That is, even accepting Poventud's assertion as true, it did not make exhaustion unavailable to him. He was not told this until years after the alleged violations began to occur. It does not explain away two years of not filing any grievances. I also note

---

[2] Even assuming this alleged violation is still ongoing (Poventud's April 2018 complaint states he had still had not been contacted by Mink), it does not change the fact that Poventud has not filed an inmate complaint against Mink. Orders granting motions for summary judgment on exhaustion grounds dismiss the case without prejudice in the event exhaustion is still available to the prisoner plaintiff. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

that Poventud's ICRS history shows he filed an inmate complaint on December 5, 2015 about Saldaris' alleged sexual misconduct, demonstrating that he filed an inmate complaint about his sexual assault using the ICRS—not just a PREA complaint.[3] (Docket # 29-1.) This undermines his assertion that he did not think he needed to file a complaint using the ICRS against Mink.

In sum, there is no genuine issue of material fact with respect to whether Poventud exhausted his administrative remedies. He admits he did not exhaust, and his argument that he was not required to do so fails, as does his allegation that he was prevented from doing so. Mink is entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Poventud's motion for copies of docket entries 17, 22, and 23 (Docket # 42) is **GRANTED**. Copies will be enclosed with this order.

**IT IS FURTHER ORDERED** that Poventud's motion for summary judgment (Docket # 45) is **DENIED without prejudice**. Poventud has until **March 23, 2020** to file a new motion for summary judgment that complies with the Civil L.R. 56. Saldaris may also move for summary judgment if she chooses to do so.

**IT IS ALSO ORDERED** that defendant Mink's motion for summary judgment (Docket # 26) is **GRANTED** on the grounds that Poventud failed to exhaust his claim against her.

**IT IS FURTHER ORDERED** that Poventud's claim against Mink is **DISMISSED without prejudice**.

---

[3] I note that, according to Poventud's ICRS history, it appears he appealed this complaint to the Corrections Complaint Examiner. (Docket # 29-1.)

Dated at Milwaukee, Wisconsin this 4th day of March, 2020.

>BY THE COURT:
>
>s/*Nancy Joseph*
>NANCY JOSEPH
>United States Magistrate Judge