UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ELIEZER A. POVENTUD,**

       **Plaintiff,**

   v.                                                                                            **Case No. 18-cv-532**

**GAYLE S. SALDARIS,**

       **Defendant.**

## ORDER

Plaintiff Eliezer A. Poventud filed a lawsuit against Angela Mink and Gayle S. Saldaris based on allegations related to sexual assault and subsequent mental health treatment. I previously granted summary judgment in Mink's favor, finding that Poventud failed to exhaust his administrative remedies under the Prisoner Litigation Reform Act, so only Saldaris remains as a defendant. (Docket # 48.) In that order, I also denied without prejudice Poventud's motion for summary judgment against Saldaris because he did not comply with the applicable local rules. I afforded Poventud the opportunity to re-file a proper motion for summary judgment and told Saldaris that she could also file for summary judgment if she chose.

On March 20, 2020, Poventud re-filed his motion for summary judgment against Saldaris. (Docket # 49.) Saldaris did not respond. Then, on April 27, 2020, Poventud filed a motion for judgment on the pleadings. (Docket # 58.) Saldaris also did not respond to that motion. I will afford Saldaris another, and final, opportunity to respond to Poventud's motions.

By way of reminder with respect to summary judgment, Saldaris must respond to each of Poventud's proposed findings of fact by agreeing with each proposed fact or explaining why she disagrees with a particular proposed fact. If she does not indicate one way or the other, I will assume that she agrees with the proposed fact for purposes of deciding the motion for summary judgment. Saldaris must support every disagreement with a proposed fact by citing to evidence. She can do that by relying on documents that she attaches to her response or by telling me her version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. § 1746.[1] An unsworn declaration is a way for a party to tell her side of the story while declaring to the court that everything in the declaration is true and correct. Saldaris also must file her own brief, responding to the legal arguments in Poventud's brief.

Saldaris has until **July 10, 2020** to file a response to Poventud's motions. If she does not respond, I will decide them without her input. This may result in judgment being entered against her.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Saldaris has until **July 10, 2020** to respond to Poventud's motion for summary judgment (Docket # 49) and Poventud's motion for judgment on the pleadings (Docket # 58). If she fails to do so, I will decide the motions without her input.

---

[1] Such a declaration should conclude with the following: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. § 1746(2).

2

Dated at Milwaukee, Wisconsin this 8th day of June, 2020.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge