# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ELIEZER A. POVENTUD,**

   Plaintiff,

  v.                                                                  Case No. 18-CV-532

**GAYLE S. SALDARIS,**

   Defendant.

---

### DECISION AND ORDER ON PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT

---

Eliezer A. Poventud is a Wisconsin state prisoner representing himself in this 42 U.S.C. § 1983 action. The Honorable Pamela Pepper, the judge to whom this case was previously assigned, screened Poventud's complaint and allowed him to proceed against defendant Gayle S. Saldaris for violating his Eighth Amendment rights by allegedly sexually assaulting him and against Angela Mink, also for violating his Eighth Amendment rights, by allegedly failing to provide him psychological care. I previously granted summary judgment for defendant Mink, so only defendant Saldaris remains. She is representing herself.

Poventud filed a motion for summary judgment and, when Saldaris did not respond properly to that motion, he filed a motion for judgment on the pleadings which I construed as a motion to grant summary judgment as unopposed. I issued an order, requiring Saldaris to respond by July 10, 2020. She has filed more materials in response. I will therefore deny Poventud's motion for judgment on the pleadings as moot given Saldaris' updated response.

However, for the reasons explained below, I will grant Poventud's motion for summary judgment.

## FACTS

As a preliminary matter, I note that Saldaris failed to respond to Poventud's proposed findings of fact. Civil Local Rule 56(b)(2)(B) requires a party who opposes a motion for summary judgment to file "a concise response to the moving party's statement of facts" within thirty days of service of the summary judgment motion. In the event the responding party disagrees with a proposed fact, she must also include "specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon." Civil L.R. 56(b)(2)(B)(ii). I included this information and instructions on how to comply with the rules in my order giving Saldaris a final opportunity to respond to Poventud's motion for summary judgment. (Docket # 59.) The courts in this District routinely hold unrepresented parties to these rules.

During the pendency of the case, Saldaris has filed an "answer" of sorts to the complaint (Docket # 22), a letter pointing out discrepancies between the criminal complaint she was charged in and Poventud's civil complaint (Docket # 23), and then, in response to my order giving her a final chance to respond to summary judgment, another letter explaining her delay and discussing Poventud's allegations about his mental anguish and suffering and prior mental health issues (Docket # 60). Despite being told how to present her side with admissible evidence such as a declaration, Saldaris has not provided anything I can consider as evidence for purposes of deciding summary judgment. And as for her arguments about Poventud's mental health, those arguments are a question of damages, not liability. I will deem Poventud's proposed findings of fact to be admitted for purposes of

2

deciding the motion based on Saldaris' failure to comply with the Local Rules or provide any admissible evidence.

Between January and December 2014, Poventud was confined at Green Bay Correctional Institution and Saldaris was employed there. (Plaintiff's Proposed Findings of Fact, Docket # 27 at ¶ 2.) Poventud worked in food service and Saldaris was his supervisor. (*Id.* ¶ 3.) Between June and July 2014, Saldaris solicited Poventud to engage in sexual acts in exchange for favors and contraband. (*Id.* ¶ 4.) These sexual exchanges and interactions involved Saldaris promising Poventud she would bring contraband into the prison and help out his mother if he cooperated with her sexual demands and requests. (*Id.* ¶ 5.) The sexual encounters included Saldaris masturbating Poventud's penis over and underneath his clothes and sometimes resulted in him ejaculating. (*Id.* ¶¶ 6–7.) Saldaris did not wash her hands when Poventud did ejaculate. (*Id.* ¶ 7.) Saldaris would pressure Poventud to masturbate her vagina and allow her to fondle his genitals. (*Id.* ¶ 8.)

Prison officials and law enforcement investigated Saldaris and internal investigations determined Saldaris sexually assaulted Poventud. (*Id.* ¶¶ 9–10.) Saldaris was later charged with second degree sexual assault, fourth degree sexual assault, and "an additional offense" in Brown County Circuit Court. (*Id.* ¶ 11.) Saldaris pled no contest to fourth degree sexual assault, misconduct in public office, and delivery of a controlled substance. (*Id.* ¶ 12.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the

applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing T*urner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

The Eighth Amendment protects inmates from cruel and unusual punishment. U.S. Const. amend. VIII. When it comes to physical contact between inmates and prison officials, courts generally discuss how the Eighth Amendment protects inmates from "excessive force." The inquiry is whether the force used was used maliciously or sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Stated another way, courts ask whether the force was

used to advance a legitimate penological purpose. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). But in cases where the allegations are sexual in nature, examining the *amount* of force in the broader context of the incident is not the proper inquiry. *See Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) ("An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant.").

Sexual contact will never serve a legitimate penological purpose—or maintain or restore discipline. *See Boddie v. Schnieder*, 105 F.3d 857, 861 (2nd Cir. 1997) ("Moreover . . . sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is 'simply not part of the penalty that criminal offenders pay for their offenses against society.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *Thomas v. District of Columbia*, 887 F. Supp. 1, 4 (D. D.C. 1995) ("Unsolicited sexual touching, harassment, and coercion are simply not part of the penalty that criminal offenders pay for their offenses against society.") (internal quotation omitted). So it is the *fact* of physical contact, then, that is central to the inquiry when that contact is sexual in nature.

The uncontroverted evidence in this case is that during the months of June and July 2014, Saldaris made promises to Poventud of favors and contraband and taking care of his mother to get him to engage in sexual acts with her. Sometimes she performed sex acts on him, and sometimes she required him to perform them on her. The uncontroverted record establishes that Saldaris violated the Eighth Amendment by touching Poventud in a sexual manner (and requiring him to touch her in a sexual manner). Poventud is entitled to summary judgment.

5

Saldaris' liability is established. What remains is the question of damages. I will direct the Clerk of Court's office to schedule a status conference to discuss next steps.

**IT IS THEREFORE ORDERED** that Poventud's motion for judgment on the pleadings (Docket # 58) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Poventud's motion for summary judgment (Docket # 49) is **GRANTED**.

The Clerk of Court's office is directed to schedule a status conference to discuss the next step of determining damages.

Dated at Milwaukee, Wisconsin this 12th day of March, 2021.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge